837 So.2d 786 (2003)
Jackie Virginia (Wright) HODGE, Appellant,
v.
Kenneth Edward HODGE, Appellee.
No. 2001-CA-01877-COA.
Court of Appeals of Mississippi.
February 18, 2003.
*787 Darrin Jay Westfaul, Batesville, attorney for appellant.
C. Michael Malski, Tupelo, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and MYERS, JJ.
BRIDGES, J., for the court.
¶ 1. Jackie Hodge brought an action for divorce against her husband, Kenneth Hodge, on grounds of habitual cruel and inhuman treatment. After the chancellors of the Lafayette County Chancery Court recused themselves, the Mississippi Supreme Court appointed a special master to hear the divorce. The chancellor denied the divorce, and Jackie Hodge appealed.

STATEMENT OF THE ISSUE
DID THE CHANCELLOR ERR IN HOLDING THAT JACKIE HODGE WAS NOT ENTITLED TO A DIVORCE ON GROUNDS OF HABITUAL CRUEL AND INHUMAN TREATMENT?

FACTS
¶ 2. Kenneth and Jackie Hodge had been married for nearly forty-one years prior to their separation in 1999. They had two grown children, Phyllis Kirkpatrick and Jason Hodge. Mrs. Hodge asked for a divorce based on habitual cruel and inhuman treatment, based mostly on allegations that her husband forced her to join in his fondness for pornography. Mrs. Hodge also claimed that her husband sabotaged her attempts to pursue a career as a hairstylist. For about thirteen years prior to their separation, Mrs. Hodge had been suffering from a rare form of colitis, for which she took a powerful steroid, prednisone, and several courses of antidepressant drugs.
¶ 3. Jason Hodge lived with his parents until 1990, and again for a time in 1994. *788 Phyllis Kirkpatrick together with her young daughter lived with the Hodges in 1997 and 1998. Both of them expressed concern over their mother's aberrant behavior in the two years preceding their parents' separation.

ANALYSIS
DID THE CHANCELLOR ERR IN HOLDING THAT JACKIE HODGE WAS NOT ENTITLED TO A DIVORCE ON GROUNDS OF HABITUAL CRUEL AND INHUMAN TREATMENT?
¶ 4. This Court reviews the decisions of a chancellor for manifest error or the application of an erroneous legal standard. Steen v. Steen, 641 So.2d 1167, 1169 (Miss.1994). A divorce on the grounds of habitual cruel and inhuman treatment requires that the party seeking the divorce show the conduct of the offending spouse endangers the life or health of the other, or is so terrible that it makes the continuation of the marriage revolting. Daigle v. Daigle, 626 So.2d 140, 144 (Miss.1993). The proof must be more than demonstrations of "unkindness, rudeness, or incompatibility." Brooks v. Brooks, 652 So.2d 1113, 1124 (Miss.1995).
¶ 5. Mrs. Hodge argues that her husband's conceded fondness for pornography resulted in great emotional harm. She further argues that her husband forced her to watch the pornography against her will. Mrs. Hodge also presents the deposition of Dr. Threadgill, who testified that she was suffering because of her marriage; however, Dr. Threadgill did not testify that her husband was responsible for her illnesses, which include colitis and other gastro-intestinal disorders. Dr. Threadgill also testified that it was possible that her prolonged use of medical steroids due to the nature of her diseases was affecting her.
¶ 6. Mrs. Hodge in her appeal brief not only mischaracterizes the testimony of Dr. Threadgill, she also entirely ignores the testimony of the Hodges' two children. Phyllis Kirkpatrick, the Hodges' daughter, lived in her parents' home with her young daughter in 1997 and 1998, and never saw any pornography around the house. She also testified that she had never witnessed her father looking at pornography. Further, she testified that her parents had a normal marriage, and that she had heard no complaints from her mother about her father watching pornography. Kirkpatrick testified that in the year before her parents separated, her mother's behavior changed noticeably, and that Mrs. Hodge would get angry for no apparent reason. Kirkpatrick stated that her father was concerned about her mother's changed behavior.
¶ 7. Jason Hodge, the Hodges' son, testified that he had lived with his parents until 1990, and again in 1994, and that he visited them roughly once a month. Jason testified that about two years before his parents separated, his mother became more irritable and controlling. He also stated that his mother had never complained about pornography in the home, and that the marriage had seemed a good one until the two years prior to the separation.
¶ 8. Mrs. Hodge does not provide any evidence beyond her own testimony that the physical illnesses or mental harm that she suffered were caused by the alleged habitual cruel and inhuman treatment by her husband. The only medical evidence available is inconclusive, and there is certainly sufficient credible evidence to refute Mrs. Hodge's argument that she suffered cruelty due to a pervasive influence of pornography at her husband's hands. While it is certainly possible that Mrs. Hodge was discomfited by her husband's interest in pornography, the fact that she *789 had been suffering from a rare form of colitis over more than thirteen years, and had been taking a strong steroid and anti-depressant drugs provides a highly credible explanation for the pain and suffering she felt.
¶ 9. For the foregoing reasons, we affirm the judgment of the Chancery Court of Lafayette County.
¶ 10. THE JUDGMENT OF THE LAFAYETTE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.